United States District Court
Southern District of Texas
**ENTERED**
April 05, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 4:17-CR-414-1 |
| | § | |
| JAMES DARIAN PIERRE | § | |

## ORDER OF RELEASE PENDING SENTENCING

Before the Court is a Motion for Release Pending Sentencing filed by Defendant James Darian Pierre ("Defendant" or "Pierre"). (Doc. No. 207). Defendant is set for sentencing before the undersigned judge on June 27, 2022. (Doc. No. 204). For the reasons explained below, the Court grants the motion.

After a five-day jury trial, Pierre was found guilty of one count of conspiracy to distribute and dispense controlled substances in violation of 21 U.S.C. § 846 and seven substantive counts of unlawfully distributing or dispending controlled substances in violation of 21 U.S.C. § 841(a)(1). The Government at that time sought an order of detention pending sentencing, which the Court granted pursuant to 18 U.S.C. § 3143(a)(2). That provision states:

> (2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless—
>
> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 USC § 3143(a)(2). Pierre does not dispute that his crime of conviction meets the statutory reference to 18 U.S.C. § 3142(f)(1). Defendant does not claim that he can satisfy the Section 3143(a)(2)(A) showing that there is a substantial likelihood that a motion for acquittal or new trial

will be granted or that an attorney for the government has recommended that no sentence of imprisonment be imposed on Defendant.

Pierre instead seeks release pending sentencing under the "exceptional reasons" provision of 18 U.S.C. § 3145(c). That section provides, in relevant part:

> A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

18 U.S.C. § 3145(c). This section provides a district court with discretion to release a defendant pending sentence even when § 3143(a)(2) applies. *See United States v. Carr*, 947 F.2d 1239, 1240–41 (5th Cir. 1991) (per curiam). Although the Fifth Circuit has not explained what constitutes "exceptional reasons," the Second Circuit has described it as "a unique combination of circumstances giving rise to situations that are out of the ordinary." *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991).

Pierre urges several circumstances as justifying his pre-sentencing release, including: (1) his lack of criminal history prior to his conviction; (2) his full compliance with pre-trial bond conditions for nearly five years; and (3) his role as practice manager in his wife's internal medicine practice. On this latter point, Defendant represents that his role is "critical for the successful operation of her practice." (Doc. No. 207, at 2). Dr. Mariette Pierre, Defendant's wife, is a practicing internist here in Houston.

The Court agrees that Pierre's circumstances present "exceptional reasons" justifying his pre-sentencing release. While this Court finds Defendant's lack of any criminal history and full compliance with his pretrial bond restrictions to be commendable, they are not necessarily "exceptional" as contemplated by the statute. Nevertheless, in this era of COVID-19, healthcare

workers are essential, and Defendant's pre-sentencing release will allow his physician wife to maintain her practice without interruption. During the time period between now and sentencing, she can find a replacement to ensure a smooth transition and the continued operation of her essential medical practice.

Moreover, given the facts set forth in the pretrial report, the Court finds by clear and convincing evidence that Pierre is not likely to flee or pose a danger to any other person or the community. *See* 18 U.S.C. § 3143(a)(1). Accordingly, Defendant's Motion for Release Pending Sentencing (Doc. No. 207) is hereby **GRANTED**. It is **ORDERED** that the Defendant be released under the same general conditions and restrictions he was subject to pre-verdict, with the following conditions and restrictions to be superimposed:

1. Defendant shall be restricted to his residence at all times except for employment at his wife's medical practice; education; religious services; medical, substance abuse or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities pre-approved by the United States Probation and Pretrial Services System. Any additional restrictions shall be determined in consultation with the United States Probation and Pretrial Services System;
2. Defendant shall be placed on electronic monitoring;
3. Defendant shall restrict his travel to Harris County, Texas, except with the Court's permission in advance;
4. Defendant shall post bond in the amount of $100,000, secured by the encumbered personal residence of Defendant in Harris County, Texas; and
5. Defendant's wife, Mariette Pierre, shall co-sign the bond.

Signed at Houston, Texas, this 4 day of April, 2022.

Andrew S. Hanen
United States District Judge

3